# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLAY MORRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1297-G |
| | ) |
| **PALFINGER USA, LLC,** | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On December 11, 2024, Plaintiff Clay Morris, appearing through counsel, filed this civil action. On May 28, 2025, the attorney representing Plaintiff moved to withdraw, representing that "[t]here has been a breakdown of the attorney-client relationship" and "a lack of cooperation" from Plaintiff in this matter. Mot. to Withdraw (Doc. No. 13) at 1. Counsel represented that Plaintiff had been notified of the withdrawal. *See id.* at 2. No response to the Motion to Withdraw was filed within the time allowed by local rule.

On June 20, 2025, the Court granted Plaintiff's counsel's request to withdraw, subject to the condition that papers shall continue to be served upon counsel for forwarding purposes until Plaintiff appears in this matter, "either by other counsel or pro se." Order of June 20, 2025 (Doc. No. 14) at 1. The Court's Order directed: "Plaintiff Clay Morris must, within fourteen (14) days from the date of entry of this Order, either appear through new counsel or file an entry of appearance notifying the Court that he is representing himself pro se." *Id.*

As of July 28, 2025, Plaintiff had not appeared in this matter, either through new

counsel or pro se. The Court therefore ordered Plaintiff to show cause in writing, no later than August 11, 2025, why this matter should not be dismissed for failure to prosecute and failure to comply with the Order of the Court. *See* Order to Show Cause (Doc. No. 15). Plaintiff's former attorney was directed to forward the Order to Show Cause to Plaintiff. *See id.* at 1.

Plaintiff has not responded to the Order to Show Cause, sought additional time to do so, or otherwise been in contact with the Court.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice. A separate judgment

shall be entered.

    IT IS SO ORDERED this 12th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge